Judge McKEOWN,
concurring in part and dissenting in part.
I concur in the section of the Memorandum Disposition affirming the district court’s dismissal of Briseno’s ineffective assistance of counsel claim with respect to the competency hearing. I respectfully dissent on the remainder of the claims and adopt the district court’s well reasoned analysis.
Briseno claims that his counsel was ineffective for failing to advise him of the mandatory minimum of fifteen years and that he somehow misapprehended the scope of his potential sentence and thought that he might be eligible for parole. Even if counsel was ineffective in not advising Briseno of the mandatory minimum, Briseno has failed to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In light of the 32 counts of sexual misconduct with children, the trial court was quite clear as to the scope of the penalty and advised Briseno as to the maximum penalty. The trial court also was clear that Briseno was “not eligible for probation in this matter,” an understanding confirmed by Briseno. The trial court disabused Briseno of any notion that he would not be sent to prison because the jury would understand that Briseno was experiencing “certain forms of depression and even emotional dysfunction that could be due to severe alienation and loneliness.” Briseno acknowledged that he was “a classic pedophile to the highest degree” but claimed that he “could never hurt a flea.” Further, he presented no statements, evidence or affidavits that his plea would have beén different had he been advised specifically with respect to the mandatory minimum and, at the time of his plea, he categorically stated that he didn’t want a jury trial and that he didn’t want to go to trial in part to protect his son.